UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATALIA DANIELLE MIDDLETON,

                              Plaintiff,

        -against-

LINCOLN MEDICAL CENTER; MELINDA
LANTZ; MATTHEW CHIANG; CEZARY
CZEKIERDEWSKI,

                              Defendants.

24-CV-8216 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction. She asserts claims for violations of her constitutional rights during her detention on

May 1, 2024, and during her involuntary civil commitment, as well as claims for violations of

state law. By order dated November 8, 2024, the Court granted Plaintiff's request to proceed *in

forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if

the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] On May 1, 2024, Plaintiff had a dispute with her mother. (ECF 1 at 5.) At some point, police officers from the 41st Precinct arrived and were outside the home. Plaintiff, who had not been told that she was required to stay, attempted to return to the house with her one-year-old child. At that point, a "group of officer[s] use[d] excessive force." (*Id.* at 5.) She was handcuffed but not read any rights or informed of the

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

grounds of her detention. Plaintiff has a separate suit against Police Officer Infante alleging excessive force arising out of this incident.[2]

Plaintiff was placed in an emergency medical services vehicle and transported to Lincoln Medical Center. (*Id.* at 6.) She contends that N.Y. Mental Health Law § 9.27 "was violated." (*Id.*) At Lincoln Medical Center, she did not receive "a timely and comprehensive evaluation" from qualified psychiatric professionals to determine whether she met involuntary admission criteria. "No documented evidence was produced to show that [Plaintiff] had a serious medical disorder or posed a threat" to herself or others. (*Id.*)

On May 2, 2024, Plaintiff "was placed into [a] psychiatric facility" and "on site staff" administered antipsychotic medication to her. (*Id.* at 7.) Plaintiff continued to assert that she did not "have a mental illness," but her request for further evaluation was ignored. She was deemed "noncompliant" and forcibly given a sedative; Plaintiff was also told that she could not leave unless she took the medication. (*Id.* at 7.) She asserts that the staff used "excessive force" and engaged in "improper administration of antipsychotic medication affecting daily behavior and mood." (*Id.*)

Plaintiff was held "beyond the initial 72-hour evaluation" period, allegedly in violation of her right to due process and rights under the N.Y. Mental Health Law. She was released on May 14, 2024.

Plaintiff brings suit against Lincoln Medical Center, Dr. Melinda Lantz, Dr. Czekierdowski, and Physician's Assistant Matthew Chiang. She seeks (1) damages for the alleged violation of her constitutional rights, (2) to enjoin Lincoln Medical Center from continuing to violate her rights, and (3) to remove the "misdiagnosis" from her medical records.

---

[2] *See Middleton v. Infante*, No. 24-CV-8217 (ER) (S.D.N.Y.).

**DISCUSSION**

**A.      Claims against Defendants Lantz, Czekierdowski, and P.A. Chiang**

Plaintiff contends that, in violation of her constitutional rights, she was involuntarily civilly committed and administered antipsychotic medication. To state a claim against an individual for a violation of constitutional rights under 42 U.S.C. § 1983, a plaintiff must allege facts showing each defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)).

Plaintiff's complaint does not include any factual allegations about what any of the individual defendants personally did or failed to do that violated her rights. Defendants are not mentioned in the complaint other than in the caption. Because Plaintiff's allegations are insufficient to show how these defendants were personally involved in the events underlying her claims, the Court dismisses the allegations for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Below, the Court grants Plaintiff leave to replead her claims, and the Court therefore notes the standards applicable to her claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Involuntary civil commitment is a "massive curtailment of liberty" that "cannot permissibly be accomplished without due process of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995) (citation omitted). Generally, the Fourteenth Amendment "prohibits

states from involuntarily committing non-dangerous mentally ill individuals," *Bolmer v. Oliveira*, 594 F.3d 134, 142 (2d Cir. 2010) (citing *O'Connor v. Donaldson*, 422 U.S. 563, 575-76 (1975)), unless an individual cannot "sustain [himself] in the community," *Project Release v. Provost*, 722 F.2d 960, 972 (2d Cir. 1983). Nevertheless, "medical professionals may be held liable for substantive due process violations only when their medical decisions represent such a substantial departure from accepted professional judgment, practice, or standards that it demonstrates that they did not base their decision on such a judgment." *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982).

Here, Plaintiff challenges the timeliness and the comprehensiveness of her psychiatric evaluation. (ECF 1 at 6.) She also contends that she was detained without "documented evidence" that she "had a serious mental disorder or posed a threat." (*Id.*) Even if the Court were to assume that these individual defendants were all involved and were responsible for the conduct alleged, Plaintiff's allegations that the medical evaluation was not "comprehensive" or was not founded on written documents establishing mental illness, are insufficient to plead that the medical decision was a "substantial departure from accepted professional judgment." *Youngberg*, 457 U.S. at 323.

If Plaintiff chooses to amend her complaint and replead these claims, she must allege facts showing what each defendant personally did that violated her rights and any facts showing that the involuntary commitment decision was not based on acceptable professional judgment.

### B.    Claims against Lincoln Medical Center

Plaintiff also sues Lincoln Medical Center, which is a facility operated by New York City Health + Hospitals (H+H). Under the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the federal court is located. *See* Fed. R. Civ. P. 17(b)(3). New York law provides that agencies of the City of New York cannot be sued

in the name of the agency, unless state law provides otherwise. N.Y. City Charter ch. 17, § 396

("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be

brought in the name of the city of New York and not in that of any agency, except where

otherwise provided by law.").

　　　　Under New York law, H+H has the capacity to be sued. *See* N.Y. Unconsol. Laws

§ 7385(1). State law, however, does not grant facilities operated by H+H  the capacity to be sued.

*Ochei v. Coler/Goldwater Mem'l Hosp.*, 450 F. Supp. 2d 275, 288 (S.D.N.Y. 2006) ("[A] facility

owned and operated by [H+H] . . . may not be sued in its independent capacity"); *Ayala v.*

*Bellevue Hosp.*, No. 94-CV-1551 (WHP), 1999 WL 637235, at *3 (S.D.N.Y. Aug. 20, 1999)

("[S]ince Bellevue is merely a facility within [H+H], it too lacks the capacity to be sued."). As a

facility operated by H+H, Lincoln Medical Center lacks the capacity to be sued, and Plaintiff's

claims against Lincoln Medical Center must therefore be dismissed.

　　　　Because the Court grants Plaintiff leave to amend her complaint, the Court notes that, if

Plaintiff chooses to replead her Section 1983 claim against H+H (instead of Lincoln Medical

Center), it is not enough for the plaintiff to allege that H+H's employees or agents engaged in

some wrongdoing. Instead, the plaintiff must show that H+H itself caused the violation of her

rights. *Connick v. Thompson*, 563 U.S. 51, 60 (2011). In other words, to state a claim against

H+H under Section 1983, the plaintiff must allege facts showing (1) the existence of an H+H

policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the

plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see*

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations

omitted); *Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) (applying the

standard for Section 1983 municipal liability to H+H). Here, even if the Court were to construe

Plaintiff's claims as having been brought against H+H, Plaintiff does not allege any facts suggesting that a policy, custom, or practice of H+H caused a violation of her federal constitutional rights.

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

First, Plaintiff must name as the defendant(s) in the caption and the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff is responsible for ascertaining the true identity of any "John Doe" defendants

---

[3] For example, a defendant may be identified as: "Nurse John Doe #1 on duty August 31, 2024, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

and amending her complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and

label the document with docket number 24-CV-8216 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may consent to accept service of documents in this case by email, instead of regular mail, by completing the attached form, Consent to Electronic Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    March 6, 2025
          New York, New York

                                                    /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               Chief United States District Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                     Middle Initial         Last Name

_____

Street Address

_____

County, City                           State                 Zip Code

_____

Telephone Number                Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                State            Zip Code

Defendant 2:

First Name                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                State            Zip Code

Defendant 3:

First Name                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                State            Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

Case 1:24-cv-08216-LTS    Document 5    Filed 03/06/25    Page 16 of 16

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
| --- | --- | --- |
| First Name | Middle Initial | Last Name |
| Street Address | | |
| County, City | State | Zip Code |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.